Gill E. THORPE et al.

v.

**ZONING BOARD OF REVIEW OF the TOWN OF NORTH KINGSTOWN et al.**

No. 82–434–M.P.

Supreme Court of Rhode Island.

May 31, 1985.

OPINION

WEISBERGER, Justice.

This is a petition for certiorari wherein the petitioners (the Thorpes) seek review of a judgment of the Superior Court affirming a decision of the Zoning Board of Review of the Town of North Kingstown (zoning board of review), which denied the Thorpes' application for a variance of side-lot requirements to accommodate the construction of a solar greenhouse. The zoning board of review denied the petition without giving any reasons therefor, either findings of fact or conclusions of law. The Thorpes filed a complaint with the Superior Court for the county of Washington in order to appeal the decision. The trial justice, after submission of briefs, affirmed. We grant the petition.

This court has stated on numerous occasions that a zoning board of review is

required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review. Most recently in *Zammarelli v. Beattie*, —— R.I. ——, ——, 459 A.2d 951, 953 (1983), we commented upon a decision of a zoning board of review that tersely denied an application to modify side-lot requirements without giving any reasons therefor:

> "We are unable to determine how the justice of the Superior Court could have reviewed this decision at all. We have said on a number of occasions that it is the obligation of a zoning board of review to decide cases before it so that the content of the decision meets minimal requirements."

In *May-Day Realty Corp. v. Board of Appeals of Pawtucket*, 107 R.I. 235, 239, 267 A.2d 400, 403 (1970), we held that the minimal requirements for a decision of a zoning board of review would be the making of findings of fact and the application of legal principles in such a manner that a judicial body might review a decision with a reasonable understanding of the manner in which evidentiary conflicts have been resolved and the provisions of the zoning ordinance applied. We further stated that unless these minimal requirements are satisfied, judicial review of a board's work is impossible.

We have applied this principle not only to zoning boards of review but also to any municipal board or agency that acts in a quasi-judicial capacity. *Tillinghast v. Town of Glocester*, —— R.I. ——, 456 A.2d 781 (1983); *Sambo's of Rhode Island, Inc. v. McCanna*, —— R.I. ——, 431 A.2d 1192 (1981); *Eastern Scrap Services, Inc. v. Harty*, 115 R.I. 260, 341 A.2d 718 (1975); *Hooper v. Goldstein*, 104 R.I. 32, 241 A.2d 809 (1968).

In the case at bar, the zoning board of review at the conclusion of the case did no more than to defeat by a majority vote a motion made to approve the application. Other than the terse statement, "petition is denied," no reasons for the action were given. This determination was not eligible for judicial review, and the justice of the Superior Court erred in purporting to pass upon its validity. As we observed in *Zammarelli:*

> "Under no circumstances could the terse denial of petitioners' application, without findings of fact, application of legal principles, or indeed, any reasonably decipherable statement of the board's conclusion, meet the standards that we have previously laid down. This decision is in effect a nullity and could not form the basis for judicial review either by the Superior Court or by this court." —— R.I. at ——, 459 A.2d at 953.

For the reasons given, the petition for certiorari is granted. The judgment of the Superior Court is hereby quashed. The papers in the case are remanded to the Superior Court with our decision endorsed thereon and with directions to remand the case to the Zoning Board of Review of the Town of North Kingstown for a new hearing and a decision in conformity with the requirements set forth in this opinion. A new hearing will be required since the membership of the Zoning Board of Review of the Town of North Kingstown has changed since the date of hearing, February 12, 1980.