DECISION
This matter is before the Superior Court on the appeal of the plaintiff, John M. Sayig (Sayig), from a decision of the Zoning Board of Review of the City of Providence (board), denying an application for a special use permit. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
The facts of the case, insofar as pertinent to this appeal, are as follows. Sayig is the owner of real estate located on the East Side of Providence. The property lies in a residential R-2 zone, contains approximately 10,200 square feet of land area, and houses a four-unit apartment complex. In March of 1996, Sayig filed with the board an application for a special use permit to allow for the paving of a portion of his property to create five additional parking spaces. At the time of his application, the Providence Zoning Ordinance required the apartment complex to have four parking spaces. The complex actually contained seven spaces due to Sayig's prior paving of same without a permit. In addition to the special use permit, Sayig also requested relief from ordinance regulations governing curb cuts, parking standards for more than four automobiles, and ingress and egress relating to the individual parking spaces.
The board held a public hearing on October 29, 1996. Sayig presented a real estate expert who testified that the present conditions and circumstances provided sufficient reasons for granting the requested relief, that the proposed use would not substantially injure the use and enjoyment nor significantly devalue neighboring property, and that granting the permit would not be detrimental or injurious to the health or welfare of the community. However, the witness was unable to offer an opinion regarding the condition of Sayig's property as it then appeared.
The board also heard testimony from two neighbors who noted that the property was in disrepair and that the sidewalk area was already significantly diminished from prior paving. A third neighbor articulated her observations regarding the negative impact the property has had on the neighborhood, while yet another neighbor lodged her objection to any further paving. Finally, the board acknowledged the receipt of several letters from other neighboring objectors.
In its subsequent written decision, the board denied Sayig's application. The instant appeal followed. Sayig first argues that the board applied the wrong legal standard in its decision since it utilized the legal standard pertinent to an application for a variance rather than a special use permit. Additionally, Sayig argues that the substantial evidence contained in the record indicates that the special use permit should have been granted and that the board committed clear error in denying the application. Finally, Sayig contends that the prior paving at the property occurred more than ten years ago and should not have played a role in the board's determination of the current application.
 Standard of Review
The controlling legal standard is familiar. Pursuant to §45-24-69 (D),
 "[t]he court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 "(1) In violation of constitutional, statutory, or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of the board, a justice of the Superior Court may not substitute his or her judgment for that of the board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolou v.Genovesi, 120 R.I. 501, 508, 388 A.2d 821, 824-25 (1978). Substantial evidence denotes "more than a scintilla but less than a preponderance * * * It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion * * * It means more than merely `some' or `any' evidence and more than a scintilla of evidence." Apostolou, 120 R.I. at 508, 388 A.2d at 825. The reviewing court "`examines the record below to determine whether competent evidence exists to support the tribunal's findings.'" New England Naturist Association, Inc. v.George, 648 A.2d 370, 371 (R.I. 1994).
 The Special Use Permit
Article VII of the Providence Zoning Ordinance prescribes regulations relating to parking. Sayig seeks relief from three of the provisions contained therein. The first is § 704.2 (A), which places limitations on the paving of residential property. Essentially, the proposed special use permit would allow the paving of areas of Sayig's property that would otherwise not be permitted under § 704.2 (A). Sayig also seeks relief from § 705.1, which prescribes minimum size requirements for parking spaces on residential property. If the permit were granted, the size of the parking spaces would need to be reduced to compensate for the increase in volume of parked automobiles. Finally, Sayig seeks relief from § 705.3, which regulates the ingress and egress relating to the new parking spaces and the adjacent street.
Pursuant to G.L. 1956 § 45-24-42, the Providence Zoning Ordinance provides for the issuance of special use permits by zoning boards. In pertinent part, this section provides:
 "General Provisions-Special-Use Permits. A zoning ordinance shall provide for the issuance of special-use permits, which shall be approved by the zoning board of review. The ordinance shall:
 * * *
 (3) Establish criteria for the issuance of each category of special-use permit, that shall be in conformance with the purposes and intent of the comprehensive plan and the zoning ordinance of the city or town;
 * * *
 (5) Provide for the recording of findings of fact and written decisions."
The Providence Zoning Ordinance specifically provides for Sayig's requested modifications in Article VII, Section 707. This section reads:
 Sec. 707. Special use permit: parking.
 The board may grant by special exception, pursuant to section 902 of this ordinance, the following:
 707.1. Modification of requirements. Any requirements in this article with the exception of section 707.2 may, upon application, be modified by the board where the conditions or circumstances provide substantial reasons to justify such action. The recommendation of the traffic engineer shall be requested in each case but such recommendation shall be only advisory.
In granting relief according to § 707 and § 707.1, the board is guided by the requirements of § 902.4 of the ordinance. This section, enacted in accordance with §45-24-42, reads:
 "902.4. Special use permits. To authorize, upon application, in specific cases, special use permits, pursuant to section 303 and other applicable provisions of this ordinance. The board may impose such conditions regarding the proposed building, structure, use or otherwise, as it deems appropriate. To authorize a special use permit, the board must first:
 (A) Consider the written opinion from the department of planning and development.
 (B) Make and set down in writing specific findings of fact with evidence supporting them, that demonstrate that:
 1. The proposed special use permit is set forth specifically in this ordinance, and complies with any conditions set forth therein for the authorization of such special use permit;
 2. Granting a proposed special use permit will not substantially injure the use and enjoyment of nor specifically devalue neighboring property; and
 3. Granting the proposed special use permit will not be detrimental or injurious to the general health, or welfare of the community.
Section 902.4 (B) reflects the well-settled principle that "`a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review.'" Cranston PrintWorks Company v. City of Cranston, 684 A.2d 689, 691 (R.I. 1996). At a minimum the zoning board must set forth findings of fact and conclusions of law "in such a manner that a judicial body might review a decision with a reasonable understanding of the manner in which evidentiary conflicts have been resolved and the provisions of the zoning ordinance applied." Thorpe v. ZoningBoard of Review of the Town of North Kingstown, 492 A.2d 1236, 1237 (R.I. 1985).
Sayig first contends that the board's findings of fact do not meet the requirements of § 902.4 (B) because the board failed to make an explicit finding with respect to subsection (3) of that section. In his brief, Sayig notes that in its second finding of fact the board determined that "`the applicant will suffer neither unnecessary hardship nor a total deprivation of all beneficial use of his property if his request is denied . . . .'" Sayig argues that this finding is reserved for a variance context and does not comport with the mandate of § 902.4 (B)(3). The board's second finding of fact in its entirety reads:
 "The applicant will suffer neither unnecessary hardship nor a total deprivation of all beneficial use of his property if his request is denied. The proposed additional curb-cut and requested relief from landscaping and screening regulations neither serves the public convenience and welfare, nor is the proposal in harmony with the character of the neighborhood." (Emphasis added).
Since the board determined that the proposed use of Sayig's property would not serve the welfare of the community, the board concluded that granting the proposed use would be "detrimental or injurious to the general health, or welfare of the community." Further, the board acknowledged the proper standard for special use permits in the fourth paragraph of its decision:
 "WHEREAS, the Board realizes that the standard of review for a special use permit requires that neither the proposed use, nor its location of the site would have a detrimental effect upon the public health, safety and welfare of the community."
The board was quite familiar with the property and surrounding area, having made an inspection of the neighborhood. The board disclosed what it saw, noting that Sayig's property was in "disrepair" and was bounded by "mostly single and two-family structures and several multi-family structures" which were "well maintained." Ultimately, the board concluded that Sayig's request was "not consistent with the nature and physical characteristics" of the surrounding neighborhood and presented "a move toward a commercial atmosphere which parallels commercial establishments and large scale apartment uses which are located in denser areas of [Providence]." Further, the board determined that "[t]he proposal as testified to by [Sayig's] expert in real estate matters, does not overcome the potential and significant reductions in neighboring property values." Thus, the board found, as a result of its inspection of the area, a potential for a decline in neighboring property values, and that, if granted, the special use permit would be injurious to the welfare of the community. See, Toohey v. Kilday, 415 A.2d 732, 737 (R.I. 1980) ("a board may consider probative factors within its knowledge in denying the relief sought or may acquire adequate knowledge through observation and inspection on a view," and must also "disclose on the record the observations or information upon which it acted."). Based on the foregoing, the court concludes that the board set forth findings of fact in such a manner as to indicate the basis for its resolution of evidentiary conflicts and the provisions of the zoning ordinance upon which it relied.[1] See, Thorpe, 492 A.2d at 1237.
In his second argument, Sayig contends that the board's decision is not supported by the substantial evidence on the record. In particular, he argues that the board erred when it rejected the testimony of his expert and instead considered the lay testimony of neighbors who were opposed to the permit. Lay judgments of neighboring property owners often have little probative force with respect to certain applications made to a zoning board of review. Smith v. Zoning Board of Review of theCity of Warwick, 103 R.I. 328, 334, 237 A.2d 551, 554 (1968). However, the board in this case merely summarized the "poignant testimony" of the objectors and "concur[red] with" their opinion that the neighboring property values may be reduced if Sayig's application were granted. The record does not reflect that the board relied solely on this testimony as a basis for its denial of Sayig's application or for its decision to reject the conclusions of Sayig's expert. Rather, as previously discussed, the board was familiar with the area and rendered its decision based upon its observations of Sayig's property and the surrounding real estate. Therefore, the court finds that there existed substantial evidence in the record to support the board's conclusion that, if granted, the proposed special use permit would be detrimental to the welfare of the community.
Sayig's final argument is that the board should not have considered his prior illegal paving in rendering its decision on his current application. The only mention of same in the board's decision is a terse acknowledgment that the board "recognizes that [Sayig] has seven parking spaces for this 4 unit dwelling and that only 4 are required by the Zoning Ordinance." Thus, the record does not evidence that the board considered this prior paving in its denial of the application.
After review of the whole record, the court finds that the board's denial of the application was supported by substantial evidence and that the substantial rights of the petitioner have not been prejudiced. Accordingly, the decision of the board is affirmed.
Counsel shall prepare the appropriate order for entry of judgment.
[1] Additionally, the board found that the proposed special use permit was specifically set forth in § 707.1 of the Providence Zoning Ordinance, but that if granted, the use would have the potential to reduce significantly the neighboring property values. The board also took into consideration the recommendation of the Department of Planning and Development. Therefore, the board's findings of fact comport fully with the requirements of § 902.4 of the Providence Zoning Ordinance and § 45-24-42.