DECISION
The Plaintiff, Bellini Construction Co., Inc., appeals from a May 6, 1996 decision of the Zoning Board of Review of the Town of Smithfield, which denied the plaintiff's applications for dimensional variances for the construction of two single family residences. Jurisdiction in this Court is pursuant to §45-24-69, R.I.G.L.
The plaintiff owns real property located on Sheffield Road in Smithfield, Rhode Island. Although that realty is denominated as lots 58 and 59 on the Assessor's Plat, they carry the notation "N.R.," indicating that they have not been approved for recording by the local Planning Board. The original subdivision approval noted that the two lots could be approved upon receipt of percolation approbation from the Rhode Island Health Department. The Planning Board did not receive evidence of any such percolation approval.
In 1994, the plaintiff submitted a proposal to build a home on each of these two lots. Because the application involved a significant alteration of wetlands, the plaintiff was preliminarily obliged to seek the assent of the Smithfield Town Council before the Department of Environmental Management ("DEM") would consider issuing a permit. The Smithfield Conservation Commission, noting that the plaintiff had previously been cited for wetlands violations, recommended that the Town Council reject the plaintiff's application. On March 1, 1994, the Town Council denied that application.
Subsequently, the plaintiff revised its proposed building plans. After reviewing the amended plans, DEM considered the protect an "insignificant alteration" of wetlands and in the fall of 1995 granted permits to build on the land. Because the new building plans were viewed by DEM as insignificant wetlands alterations, approval by the Town Council was not required. On March 4, 1996, the plaintiff submitted applications to the Zoning Board for dimensional variances for single family residences on each of the lots. Pursuant to its applications, the plaintiff sought to construct two 54' by 24' homes on the lots, which contained approximately 20,280 square feet and 23,320 square feet, respectively. Zoning restrictions at the site require at least 20,000 square feet per lot in order to construct a single family residence. Dimensional setback variances of ninety and ninety-five feet were requested in order to avoid Smithfield's zoning mandate which precluded construction within one hundred feet of a fresh water wetlands. The subject lots contain wetlands comprising more than half of the total area of each lot.
At a March 27, 1996 Zoning Board hearing, James Bellini, plaintiff's president, submitted the construction plans, and John Travassos, an environmental scientist, opined that the proposed construction would not be injurious to the wetlands. Donald Burns of the Smithfield Conservation Commission offered a history of previous flooding problems at the site and prior wetlands violations. Daniel R. Germani testified that he, in fact, had purchased from the plaintiff a house which had suffered flooding from drainage problems.
On May 6, 1996, the Zoning Board issued its decision denying the requested dimensional variances as to both lots, finding that the lots "have insufficient area to be buildable" because wetlands are not considered in calculating lot area. The Board indicated that the requested relief was "not due to the unique characteristics of the subject land" and that the plaintiff's professed hardship was self-created in "the desire of the applicant to realize greater financial gain."
In its instant appeal, the plaintiff claims that the Zoning Board's decision was not supported by the evidence and that the plaintiff has suffered more than a mere inconvenience from the denial of its requested variances. The plaintiff also contends that the Board's decision deprived the plaintiff of all economic beneficial use of its property, in violation of the takings clause of the United States and Rhode Island Constitutions.
Standard of Review
Superior Court review of a zoning board decision is controlled by § 45-24-69(D), R.I.G.L., which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, the Superior Court may not substitute its judgment for that of a zoning board if the court finds that the board's decision was supported by substantial evidence. Apostolou v. Genovesi, 120 R.I. 501, 507,388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v.George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)(citing Apostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings."New England Naturist Ass'n., Inc. v. George, 648 A.2d 370-371 (R.I. 1994)(citing Town of Narragansett v. InternationalAssociation of Fire Fighters, AFL-CIO, Local 1589, 119 R.I. 506,380 A.2d 521 (1977)).
Failure to Obtain Subdivision Approval
The Zoning Board correctly points out that subdivision of lots 58 and 59 was never approved by the Planning Board, a condition precedent to the Zoning Board's consideration of the requested variances. Sawyer v. Cozzolino, 595 A.2d 242, 246-47 (R.I. 1991); § 45-23-61(A)(1), R.I.G.L.; Smithfield Land Development and Subdivision Review Reg. Art. C(1)(a) and C(2)(a). The Assessor's Plat and the original 1973 approval of Greenbrier Estates by the Planning Board reflect that the Planning Board did not approve lots 58 and 59.
The plaintiff's reliance on the lots having been denominated as separately taxable does not support its contention that a legal subdivison has thereby occurred. Smith v. Zoning Bd. ofReview of Town of Westerly, 111 R.I. 359, 302 A.2d 776, 781 (1973) ("[T]he fact that the lots are separately assessed and separately taxed is not conclusive in determining whether separate lots, so designated and separated, constitute one lot for zoning purposes").
Zoning Board's Findings of Fact
The plaintiff also complains that the Zoning Board's findings were inadequate, merely conclusional in nature, and unsupported by record evidence. The Court disagrees.
A zoning board's findings must be factual rather than conclusional and must apply the proper legal principles to the facts. Irish Partnership v. Rommel, 518 A.2d 356, 358-359 (R.I. 1986). "A zoning board of review is required to make findings of fact and conclusions of law in support of its decision in order that such decisions may be susceptible of judicial review." CPWv. City of Cranston, 684 A.2d 689, 691 (R.I. 1996) (quotingThorpe v. Zoning Board of Review of North Kingstown,492 A.2d 1236, 1236-1237 (R.I. 1985)).
The Zoning Board made sufficient factual findings regarding the plaintiff's applications for variances. It found that the plaintiff's plan to build two houses did not constitute the least relief necessary and that the lots contained only enough buildable land for one house because of the presence of wetlands. Those findings were not conclusional, as they referenced details in the plaintiff's site plans in connection with its findings.
Takings Clause
The plaintiff further argues that the Zoning Board's denial of the plaintiff's applications for variances has deprived it of all economically beneficial use of its property in violation of the takings clause of the 5th and 14th amendments of the United States Constitution and Article 1, section 16 of the Rhode Island Constitution. The plaintiff asserts that it had a reasonable expectation to build one house on each of the lots and that the Zoning Board's decision has prevented the plaintiff from making economic use of its land.
In determining whether a "taking" has occurred this Court must analyze "(1) [t]he economic impact of the regulation on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations, and (3) the character of the governmental action." Alegria v. Keeney,687 A.2d 1249, 1252 (R.I. 1997) (citing Penn Central TransportationCo. v. New York City, 438 U.S. 104, 124, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631 (1978)). "[R]egulations that compel the property owner to suffer a physical `invasion' of his property and regulations which `[deny] all economically beneficial or productive use of land' require compensation to the property owner without `case-specific inquiry into the public interest advanced in support of the restraint.'" Lucas v. South CarolinaCoastal Council, 505 U.S. 1003, 1015, 112 S.Ct. 2886, 2893, 120 L.Ed.2d 798 (1992).
In the instant case the plaintiff has not been denied all economically beneficial use of the land. Instead of erecting two houses, the plaintiff may yet be able to build one house on the two lots. Further, the Zoning Board's denial of the plaintiff's applications for variances does not preclude the plaintiff from bringing forth a new plan to build a house which is smaller than its previous design. The plaintiff may also seek to acquire Planning Board approval for the establishment of two lots and again request permission to build two houses.
This Court is satisfied that the impact of the Zoning Board's decision does not "in itself rise to the level of interference with a vested property right." Alegria, 687 A.2d at 1253. The plaintiff may submit other plans and proposals for the use of its land and may also apply for subdivision approval from the Planning Board. "In the absence of evidence that further applications would have been futile, [this Court is] of the opinion that plaintiff may not be reimbursed for economic loss on the basis of his speculation that all productive use of the land would have been forbidden . . . ." Id.
It is of significance that the plaintiff, as acknowledged by its president, has been involved in land development projects for over twenty years. It purchased the affected parcel with full awareness that it would have to comply with zoning and subdivision regulations in order to build on the land. Given the plaintiff's failure to obtain approval from the Planning Board, the decision of the Zoning Board has not interferred with the plaintiff's expectations to build on the land.
Lastly, the character of the government action weighs in favor of finding that a taking has not occurred. The subdivision regulations are legitimate methods for regulating the level of land use in a community. Like the DEM wetlands regulations inAlegria, the instant subdivision and zoning provisions are rational police power methods for the conservation of land. See,Alegria, at 1254. The plaintiff has not challenged the validity of local communities to prescribe regulations requiring Planning Board approval over subdivisions.
A taking or inverse condemnation has not occurred. The Zoning Board's decision does not transgress the 5th and 14th amendments of the United States Constitution and does not violate Article 1, section 16 of the Rhode Island Constitution.
Conclusion
This Court need not reach the plaintiff's contention that the Zoning Board's denial of the plaintiff's variance applications results in more than a mere inconvenience to the plaintiff, because the plaintiff failed to obtain from the Planning Board initial subdivision approval for the subject lots.
After review of the entire record, this Court funds that the Zoning Board's decision was not in excess of the Zoning Board's statutory authority, was made upon lawful procedure, and was not clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. The Zoning Board's actions were neither arbitrary nor capricious or otherwise characterized by an abuse of discretion or affected by the other error of law.
Accordingly, the plaintiff's appeal is denied, and the decision of the Zoning Board is hereby affirmed.
Counsel shall prepare an appropriate order for entry.