DECISION
This matter comes before the Court on appeal from a decision of the City of Warwick Zoning Board of Review (the "Board"). The appellant Paul Gencarelli ("Gencarelli") seeks reversal of the Board's decision denying a special use permit and dimensional variances pursuant to the City of Warwick Zoning Ordinance ("Ordinance") § 906 and § 906.3. Gencarelli requested the variances/special use permit under § 701.7, § 804, § 806.3, and table 2B of the Ordinance to demolish an existing building and replace it with a new non-conforming building. Jurisdiction of this Court is pursuant to (G.L. 1956 (1991 Reenactment) § 45-24-69.
 Facts/Travel
Gencarelli is the owner of real estate located at 460 Warwick Avenue, Warwick, Rhode Island (the "property"). The property is located in an area zoned for general business and is adjacent to several residential-zoned single-family residences that have abutted the commercial zone for years. The proposed new structure to be built on the property is a Bess Eaton coffee and bakeshop. Gencarelli filed an application for the variances and the special use permit as Bess Eaton wanted to include a drive-through window service for its customers that encroached on the required setback area of the property, erect special outdoor signs in conjunction with the drive-thru, and utilize less than the minimum number of parking spaces as required by the Ordinance.
On or about September 15, 1998, the Board held a hearing on Gencarelli's application. Gencarelli offered reports and expert testimony from real estate appraiser J. Clifden O'Reilly, Jr. to the effect that granting the application would have no adverse impact on the property values of the surrounding residences. O'Reilly also testified that Gencarelli would sufffer more than a mere inconvenience if the Board denied the application. Several persons who owned property in the adjacent residential district opposed the application. The objectors offered an expert opinion from real estate appraiser Frances J. McCabe, Jr. that subsequent approval of the application would adversely affect the value of the adjacent residential properties.
The Board voted unanimously to approve a motion to deny Gencarelli's application. On or about October 21, 1998, the Board issued a written decision that both denied and granted Gencarelli's application.
 Standard of Review
This Court possesses appellate review jurisdiction of the Board's decision pursuant to (G.L. 1956 (1991 Reenactment) § 45-24-69, that states as follows:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
§ 45-24-69(D). The essential function of the Zoning Board is to weigh the evidence presented at the hearing, and it has the discretion to either accept or reject any or all of the evidence. Bellevue ShoppingCtr. Assoc. v. Chase, 574 A.2d 760, 764 (R.I. 1990). This Court must examine and review the entire record to determine whether substantial evidence exists to support the findings of the Zoning Board. Salve ReginaCollege v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citingDeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). Furthermore, this Court may not substitute its judgment for that of the Zoning Board if it can "conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou, 120 R.I. at 507, 388 A.2d at 825.
 The Zoning Board's Decision
Gencarelli argues that the Board failed to resolve evidentiary conflicts, make appropriate factual determinations, and apply the proper legal principles to its finding of facts. Gencarelli further argues that because the Board, in its subsequent written decision, both denied and granted the application, the decision is arbitrary and capricious and should be remanded back to the Board.
The Board argues that Gencarelli failed to satisfy the requirements for a use variance by not presenting such evidence at the hearing. Additionally, the Board argues that it ruled properly because Gencarelli did not satisfy the Ordinance requirements for a special use permit and variances. However, the Court is troubled over the possibility that the Board is confused as to which case is presently on appeal because it consistently refers to the proposed business as a "Dunkin Donuts" in its memorandum of law, despite all the testimony and records offered clearly indicating a "Bess Eaton" donut shop.
Gencarelli raises several issues on appeal. The Court will only address the written decision rendered by the Board since this issue is determinative of the matter at this juncture. After a public meeting, the Board must render its decision within a reasonable time period. (G.L. § 45-24-61(A). The Board shall "include in its decision all findings of fact and conditions, showing the vote of each member participating thereon, and the absence of a member or his or her failure to vote." Id.
"It is well settled that 'a zoning board or review is required to make findings of fact and conclusions of law in support of its decision in order that such decisions may be susceptible to judicial review.'"Cranston Print Works v. City of Cranston, 684 A.2d 689, 691 (R.I. 1996) (quoting Thorpe v. Zoning Board of Review of North Kingston, 492 A.2d 1236, 1236-37 (R.I. 1985)). The Board should "make express findings of fact and should pinpoint the specific evidence upon which they base their decision . . . because the parties and this court are entitled to know the reasons for the board's decision in order to avoid speculation, doubt, or unnecessary delay." Hopf v. Board of Review of the City of Newport,102 R.I. 278, 288, 230 A.2d 420, 428 (1967).
Our Supreme Court has held that judicial review of the Board's decision is impossible "unless the board had made factual determinations and applied appropriate legal principles in such a way that a judicial body might reasonably discern the manner in which the board had resolved evidentiary conflicts." Cranston Print Works, 684 A.2d at 691. The decision of the Board merely contains unsubstantiated conclusions, the basis for which the Board has failed to disclose to the court. Although two experts offered testimony as to property values and site intensification, and their opinions were almost exactly opposite, the Board's written decision made no mention of either expert opinion or how they resolved the evidentiary conflict.
Our Supreme Court has stated the following:
 "The issue here, however, is not one of form, but the content of the decision; and what we must decide is whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible."
Irish Partnership v. Rommel, 518 A.2d 356, 358-59 (R.I. 1986) (citations omitted). In this instance, the Board made detailed findings of fact in its decision. However, the Board denied Gencarelli's application by stating nothing "more than the recital of a litany" of the legal principles to be applied in the granting of a variance. Id. at 359. The Board also failed to address the legal principles of granting a special use permit. The Board then turned 180 degrees around and granted Gencarelli's application contingent upon four conditions and stipulations that made absolutely no sense. As the decision is devoid of any application of the facts to the legal principles as to the granting or denial of the special use permit and the variances, the Board's decision does not satisfy the minimal requirements as set forth in IrishPartnership, and thus is not subject to judicial review.
Accordingly, this matter is remanded to the Board for the preparation of a decision relating the findings of fact to the conclusions of law that unequivocally tells the parties whether Gencarelli's application is granted or denied by pinpointing specific evidence upon which the Board rests its decision. The Board should render this decision in as expeditious a manner as is reasonable, but in no event beyond sixty days after entry of this decision. This Court notes that if there have been changes in the composition of the Board since this matter was initially heard, the matter will have to be reconsidered by the current Board before a proper decision may be rendered. See Bellevue Shopping Ctr.Assoc. v. Chase, 556 A.2d 45, 46 (R.I. 1989). if this mater is to be reconsidered, the sixty-day time limit shall not apply.