DECISION
This is an appeal from a September 22, 1999, decision of the Zoning Board of Review of the Town of South Kingston (the Board). In its decision, the Board denied Blue Water Associates, LLC's (appellant) application for a use variance for a proposed mini-storage facility in an RR-80 zone. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
The subject property, identified as Assessor's Plat 17-3 Lot 9, is located at 568B Mooresfield Road, in South Kingstown, Rhode Island (the Site). The Site consists of 9.18 acres, of which approximately 7.4 acres is wetlands and the remaining 1.7 acres is buildable land. There exists on the Site an 11,000 square foot building (the Barn), built in 1956, once used to house cows and pigs. At the time of the application, the Site was zoned RR-80. The appellant filed an application for a use variance to allow it to utilize the Barn as a mini-storage facility. This facility was to be housed entirely in the Barn and retain its appearance as a barn in keeping with the rural nature of its location.
The Site has been zoned for residential use since the inception of zoning in 1951. Agricultural uses were permitted in any zone within South Kingstown at that time. As such, a previous owner built the Barn to house dairy cows; that operation failed. The Barn was then used to raise hogs and that operation also failed. The Barn became vacant and was unused until 1986.
Downing/Indian Lake Inc. (Downing) purchased the Site along with approximately 80 acres of adjoining land in 1986. It then became part of a parcel owned by Downing which consisted of over 300 acres of land. The Site was part of a 90 acre parcel of land until 1988. In 1988, Downing subdivided the 300 plus acres and a portion of it became Indian Lake Subdivision. Eighty acres of the original farm became part of the subdivision. The remaining, subject 9.18 acres were cut off from the Indian Lake Subdivision by the wetlands. The Barn continued to remain vacant until the present time.
Appellant purchased the Site and the Barn in 1999 for $55,000. It then filed its application for a Use Variance, claiming that the Site and the Barn cannot yield any beneficial use if it is required to conform to the provisions of the zoning ordinance.
The Board met on five occasions to consider the application and held an advertised public hearing on August 11, 2000. At that hearing, the Board took testimony from Thomas Mort, appellant's co-owner. Those also testifying on behalf of the appellant included Daniel Cotta, an engineer; Dana Zewinski, a wetland wildlife biologist; Riley Lampson, a builder; Francis Perry, a traffic engineer; and Edward A. Caswell, Jr., a real estate expert.
Mr. Mort submitted architectural drawings of the proposed building, and testified his goal was not to have a steel mini-storage that is orange and yellow with multiple doors. (5/19 Tr. at 39.) Mr. Cotta, the engineer testified that it would not be feasible to use the lot as a residential unit or any other approved use under the ordinance. (6/1 Tr. at 19.) Mr. Zewinski testified that he had flagged the wetlands and examined the soil, he found the Site was not suitable for farming. (6/1 Tr. at 83-84.) Mr. Lampson testified as an expert builder and reported it was possible to demolish the Barn with an approximate cost between $47,500.00 and $76,600.00, with the difference in cost due to the thickness of the concrete slab. (6/1 Tr. at 94.) The appellant's traffic expert, Mr. Perry testified that the proposed storage facility is a very, very low traffic generator with an insignificant impact on the area. (6/1 Tr. at 110-113.) Lastly, Mr. Caswell testifying as a real estate expert, concluded that it would be impossible to market the Site as a dwelling house or other acceptable uses under the ordinance. 6/1 Tr. 147-148.)
Those testifying in opposition to the application for the use variance included Anthony Lachowiz, the South Kingstown Town Planning Director; Howland Green, a nurseryman; John P. Caito, an engineer; and Nathan Godfrey a real estate expert. Appellant called one rebuttal witness, William Sullivan, an expert in agronomy and plant sciences.
Mr. Lachowiz, testified that there are several uses permitted either by right or by special use permit and appellant is not deprived of all beneficial use. (6/23 Tr. at 73.) Mr. Green testified that in his opinion the Site was highly suitable for an above ground nursery or container operation. (6/23 Tr. at 131, 32.) Mr. Caito, an engineer, testified that the Site was suitable for an above ground container nursery or capable of being subdivided to hold two residences. (6/23 Tr. at 160-171.) The opponent's real estate expert, Mr. Godfrey, testified the proposed use would have a 15% impact and decline in the value of homes in the neighborhood. (6/23 Tr. at 203.) In rebuttal, Mr. Sullivan testified for the appellant that the Site is unsuitable for an agricultural operation. (7/15 Tr. at 8.)
After hearing all the testimony, the Board voted 3-2 to deny appellant's application. On September 22, 1999, the Board issued its written decision, in support of which the Board made detailed findings of fact and conclusions of law. Specifically, the Board found that the testimonies concerning demolition costs of the Barn were inconsistent and that the Site was suitable for other beneficial uses. Namely, the Board found that it is not necessary to tear down the Barn in order to build a residence on the property.
 STANDARD OF REVIEW
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. § 45-24-69(d):
 "(d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of a zoning board of review, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that substantial evidence supports the board's decision. Apostolu v. Genovesi, 120 R.I. 501, 507,388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 47 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing Court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New England Naturist Ass'n, Inc. v. George,648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of Fire Fighters, AFL-CIO, Local 1589,119 R.I. 506, 380 A.2d 521 (1977)). This court's limited review applies even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the board. Berberian v. Dept. of Employment Security, 414 A.2d 480, 82 (R.I. 1980).
 USE VARIANCE
A. Applicable Law
Appellant filed its application for a use variance on February 19, 1999, prior to the adoption of a revised zoning ordinance. The revised ordinance contained a section which provides that applications that are pending do not have to be re-filed and will be reviewed according to the regulations applicable in the old ordinance. In pertinent parts that ordinance reads: "[a]ny application for development under this Ordinance that is substantially complete prior to the enactment or amendment of this Ordinance, shall be reviewed according to the regulations applicable in the zoning ordinance in force at the time the application was submitted. . . ." Town of South Kingstown Zoning Ordinance, Art. 11, § 1100 (B).
Pursuant to this section, the Board found that appellant's application was substantially complete and thus warranted application of the old ordinance. Since, however the uses permitted by right or special use permit under both ordinances were similar, the parties agreed to use interchangeably the set of uses under both the old and new ordinance during the discussion by the Board. The provisions in both the old and new ordinance are the same as far as criteria and supporting evidence necessary for the issuance of a use variance.
Section 45-24-31 (61)(i) of the Rhode Island General Laws defines a use variance as "[p]ermission to depart from the use requirements of a zoning ordinance where the applicant of the requested variance has shown by evidence upon the record that the subject land or structure cannot yield any beneficial use if it is to conform to the provisions of the zoning ordinance." G.L. 1956 § 45-24-31(61)(i). Town of South Kingstown Zoning Ordinance, Art. 5, § 521 sets forth the requirements for a use variance as follows:
 "A. In granting a variance, the Board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 1. that the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and not due to a physical or economic disability of the applicant;
 2. that said hardship is not result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize a greater financial gain;
 3. that the granting of the requested variance will not alter the general characteristic of the surrounding area or impair the intent or purpose of the Zoning Ordinance or the Comprehensive Plan of the Town.
4. That the relief to be granted is the least relief necessary.
 B. The Board shall, in addition to the above standards, require that evidence to[sic] entered into the record of the proceedings showing that:
 1. In granting a use variance, the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the Zoning Ordinance. Nonconforming use of neighboring land or structures in the same district and permitted use of land or structures in an adjacent district shall not be considered grounds for granting a use variance; . . . ." Town of South Kingstown Zoning Ordinance, Art. 5, § 521.
B. Deprivation of all Beneficial Use
The appellant raises several issues on appeal to this Court. Appellant first argues that the Board erred in holding that the Site can be used for another beneficial use. Specifically, appellant claims the Board, by not considering the cost of using the Site for another permitted use, in essence confiscated the Site. The Board heard testimony concerning the cost of demolition of the Barn in order to build a residence on the Site. It is appellant's claim that the cost of removing the Barn exceeds the value of the Site as one residential lot, and therefore, there can be no profitable, beneficial use for residential purposes.
When considering an appeal from a zoning board of review, this Court is required to review the record of the hearing before the Board. G.L. 1956 § 45-24-69(c). A zoning board of review is required "to make findings of fact and conclusions of law in support of its decision in order that such decisions may be susceptible to judicial review." Thorpe v. Zoning Board of Review of North Kingstown, 492 A.2d 1236, 1236-37 (R.I. 1985). "If the Court is able to ascertain form the record the reasons for the board's decision, and said decision is supported by substantial evidence, it will be upheld." Church Community Housing Corporation v. Zoning Board of Review of the Town of Tiverton, 1998 WL 1472893, (R.I. Super. 1998) (citing Richards v. Zoning Board of Review of the City of Providence, 100 R.I. 212, 200, 213 A.2d 814, 818 (1964)).
In its decision, the Board stated that the evidence concerning the cost of demolition was inconsistent, and therefore, the Board did not rely on that testimony in denying the requested relief. The decision not to consider the cost of demolition has no bearing on the Board's denial since the Board went on to hold that while the Barn itself may or may not be suitable for a residence, it is not necessary to tear down the Barn in order to build a residence elsewhere on the property. The record clearly reflects that the Board heard credible evidence that the Site was suitable for the development of two residences, regardless of the condition of the Barn.
In determining the application of a use variance, a zoning board of review must find a "deprivation of all beneficial use" in order to grant an application. Cambio v. Zoning Bd. of Review of City of Providence, 1997 WL 1051024 (R.I. Super. 1997) (emphasis added); Almeida v. Zoning Bd. of Review of the Town of Tiverton, 606 A.2d 1318, 1320 (R.I. 1992). In finding that the Site was suitable for development as a residence without demolition of the Barn, the Board found that appellant was not deprived of all beneficial use. Therefore, denial of the application was proper.
In further support of its decision, the Board went on to find the relief requested was not the least relief necessary. In fact, the Board unanimously held that the relief sought in the application was the most relief necessary. (8/11 Tr. at 105.)
The Board also held that the granting of a variance would impair the Comprehensive Plan for the Town of South Kingstown. In support of its conclusion, the Board noted that pursuant to the Comprehensive Plan, a commercial use in a residential area is discouraged. Accordingly, the granting of the variance would alter the general characteristic of the surrounding area and impair the Comprehensive Plan of the Town of South Kingstown.
Appellant also challenges the Board's decision that the hardship suffered was self-created. As the Board found that other beneficial uses exist, this argument is rendered moot.
 CONCLUSION
Upon review of the record, this Court finds that the decision of the Board is supported by reliable, substantial, and probative evidence and the decision did not violate constitutional, statutory, or ordinance provisions. The Board did not act in excess of its authority. The Board's decision is neither clearly erroneous in view of the record, nor is it arbitrary or capricious. There are no errors of law or procedures such that substantial rights of the appellant were prejudiced. Therefore, the decision of the Board is affirmed.
Counsel shall submit the appropriate judgment for entry.