DECISION
Joseph Reid, Jr. (Mr. Reid), the plaintiff, appeals the September 22, 2005 decision of the North Providence Zoning Board of Review (Zoning Board) granting Leo Perrotta and Deborah Sherring (collectively, the Applicants) a dimensional variance and permission to subdivide Lot 573 on Tax Assessor's Plat 11 in North Providence, Rhode Island. This Court has jurisdiction pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
The Applicants acquired the property in question, located on Intervale Avenue in North Providence, in May 2005. The property consists of a vacant lot of 12,351 square feet, and it is located in a residential general (RG) zone. Under the North Providence Zoning Ordinance (Zoning Ordinance) Art. II, § 204, the RG zone requires a minimum lot size of 8,000 square feet and a minimum lot width of 70 feet for the construction of a single family dwelling. The Applicants desire to construct two single family homes on their property, and thus, they seek: 1) permission to subdivide the lot; and 2) relief from the Zoning Ordinance's dimensional requirements under Art. II § 204.
On August 5, 2005, the Applicants presented their proposal to the North Providence Planning Board (Planning Board) for an opinion as to whether their proposal was in conformity with the Comprehensive Plan of the Town of North Providence (Comprehensive Plan). After reviewing the matter, the Planning Board concluded that the proposal did conform to the Comprehensive Plan, and in a written opinion it recommended approval of the application. Next, on August 15, 2005, the Applicants applied to the Zoning Board for permission to subdivide the land and for dimensional variances for the resulting properties. The Board held a hearing on September 15, 2005 to review this application.
At the hearing, counsel for the Applicants presented the proposal to the Board. He argued that, while under the Zoning Ordinance a two-family home could currently be built upon the lot,[1] two single-family homes would better fit with the current character of the neighborhood. (Tr. at 74.) Counsel also noted that the lots, once subdivided, would be comparable in size to the neighboring lots. Id. In response to the Board's concerns about the width of the road in front of the lot, the Applicants' counsel agreed that any approval would be contingent upon the Applicants widening the road to allow passage for emergency vehicles. (Tr. at 75-78.)
The Board next heard from two abutters who expressed concern about the proposal. One abutter was Mr. Reid, who argued that the plan would allow the houses to be built too close to each other and the neighboring homes. After hearing from the abutters, the favorable recommendation from the Planning Board was read into the record.[2] The Zoning Board then orally voted unanimously to approve the proposal.
On September 22, 2005, the Board issued its written decision (Decision), which granted the Applicants the requested relief. The Decision describes the property and notes that the Applicants are requesting "permission for a subdivision of land to build two (2) single family homes" and "relief under Article II, Section 204 of the North Providence Zoning Ordinance." (Decision at 1.) The Decision then states:
 "As to the variance requested:
 1. The Board was of the opinion that to grant the relief requested would be in harmony with the general purpose of our ordinance and comprehensive plan.
 2. The Board was of the opinion that the use requested would not create conditions inimical to public health, safety, or welfare, and would not injure the surrounding area.
 3. The Board was of the opinion that to deny the relief requested would amount to more than a mere inconvenience.
 4. The Board was of the opinion that the relief requested was the least relief necessary under RI General Law 45-24-41 C, D." (Decision at 1-2.)
The Decision then lists five conditions and stipulations of the approval.
On October 12, 2005, Mr. Reid filed a timely appeal seeking review of the Board's decision.
 Standard of Review
The Superior Court's review of a zoning board decision is governed by G.L. 1956 § 45-24-69(d), which provides in pertinent part:
 "(d) The Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of a zoning board of review, this Court must examine "the entire record to determine whether `substantial' evidence exists to support the board's findings."De Stefano v. Zoning Bd. of Review of the City of Warwick,122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979) (quoting Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 824 (1978)). "`Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla, but less than a preponderance.'" Lischio v. Zoning Bd. Of Review of the Town ofNorth Kingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quotingCaswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981)). This Court "may `not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact.'" Curran v. Church CmtyHousing Corp., 672 A.2d 453, 454 (R.I. 1996) (quoting G.L. 1956 § 45-24-69(d)).
 Law and Analysis
Mr. Reid appeals the Decision of the Zoning Board on four grounds, arguing that 1) the Decision lacks the requisite findings of fact to support the granting of the application for dimensional relief; 2) the Decision violates Art. I, § 106 and Art. IV, § 413 of the Zoning Ordinance; 3) the Decision violates the requirements of § 45-24-41(c)(2); and 4) the Decision is arbitrary and capricious because of a lack of evidentiary support in the record.
At the outset, Mr. Reid argues that the Zoning Board's Decision does not contain sufficient findings of fact to support its legal conclusions. General Laws 1956 § 45-24-41(c) reads, in part, as follows:
 "(c) In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary."
In addition, G.L. 1956 § 45-24-41(d) requires, in relevant part, that
 "[t]he zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of the proceedings showing that: . . . (2) in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience. . . ."
Mr. Reid claims that while the Decision states that the Applicants have met the conditions listed in (c) and (d), it gives no explanation of the reasoning behind this conclusion.
The Decision is indeed barren of any factual findings related to the standard imposed by § 45-24-41(c) and (d). See supra.
It contains no reference to any evidence presented at the hearing, nor does it give any explanations for the conclusions reached. The Court finds that the Board failed to make the requisite findings of fact to allow for proper judicial review.
In § 45-24-61, the Legislature has mandated that "the zoning board shall include in its review all findings of fact." Additionally, the Rhode Island Supreme Court has held that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review." Cranston PrintWorks Co. v. City of Cranston, 684 A.2d 689, 691 (R.I. 1996) (quoting Thorpe v. Zoning Bd. of Review of North Kingstown,492 A.2d 1236, 1236-37 (R.I. 1985)); see Sciacca v. Caruso,769 A.2d 578, 585 (R.I. 2001).
"When the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Von Bernuth v.Zoning Bd. of Review of the Town of New Shoreham, 770 A.2d 396,401 (R.I. 2001) (quoting Irish Partnership v. Rommel,518 A.2d 356, 359 (R.I. 1986)). Even though evidence may exist to support the Zoning Board's decision, this Court cannot examine the record if sufficient findings of fact have not been made. IrishPartnership, 518 A.2d at 358.
To allow for proper judicial review, the decision must contain "the making of findings of fact and the application of legal principles in such manner that a judicial body might review a decision with a reasonable understanding of the manner in which evidentiary conflicts have been resolved and the provisions of the . . . ordinance applied." Thorpe, 492 A.2d at 1237. The findings must "`be factual rather than conclusional, and the application of the legal principles must be something more than a recital of a litany.'" Sciacca, 769 A.2d at 585 (quoting IrishPartnership, 518 A.2d at 358).
Due to the lack of specific findings in the Decision, the Court is unable to address Mr. Reid's other arguments. Therefore, this case is remanded to the Zoning Board so that it may make further findings consistent with this decision.
This Court will retain jurisdiction.
[1] Art. II., § 204 of the Zoning Ordinance states that the minimum lot area for a two family dwelling is 10,000 square feet.
[2] The following opinion from the Planning Board was read into the record:
 "Leo Perrotta and Deborah Sherring to construct two [one]-family (sic) homes on Assessor's Plat 11, Lot 573 Intervale Avenue. The Board recommends approval. It is in conformity with the Comprehensive Plan."