DECISION
Louis DeMasi (Mr. DeMasi), the plaintiff, appeals the January 19, 2006 decision of the Zoning Board of Review of the Town of North Providence (Board). In its decision, the Board granted a dimensional variance to Branting, LLC (Branting) for the property at 1830-1840 Mineral Spring Avenue, North Providence, R.I., also known as Lot No. 199 on Assessor's Plat 18. This Court has jurisdiction pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
On January 3, 2006, Branting applied for a dimensional variance from Art. II, § 204 (minimum side yard setback); Art. III, § 308 (minimum setback from residential boundary); and Art. VII, § 710 (minimum off-street parking) of the North Providence Zoning Ordinance (Ordinance). Branting sought to construct a connector between the two existing structures on the property, build two elevators in newly constructed vestibules, and enlarge the entryways to allow for handicap access to the buildings.
A public hearing was held on January 19, 2006, at which the Board heard testimony regarding the application for the variance. Branting's president, Dr. Anthony Farina, and his counsel, Mr. Brian LePlante, presented the request for the variance and explained how it would benefit both the property itself and the community as a whole. (Tr. 17-21.) Mr. LePlante explained that the proposed changes to the buildings would bring the property into compliance with the Americans with Disabilities Act (ADA), as well as improve the aesthetic quality of the lot. (Tr. 18-20.) The registered architect who designed the proposed changes to the property, Mr. Raymond Annino, also testified at the hearing; in addition, he submitted a copy of his plans to the Board for review. (Tr. 36.) In his testimony, Mr. Annino discussed the specifics of the project, similarly testifying that the changes would improve both access to the building and its aesthetic appearance. (Tr. 27-31.) In addition, he stated that the proposed plans would cause a loss of three parking spaces on the Property. (Tr. 43.)
Mr. DeMasi testified at the hearing as well, arguing that the proposed project would not allow enough parking spaces to keep the lot in compliance with the Ordinance (Tr. 48-50.) He contended that Branting's application for a dimensional variance should actually be classified as an application for a change in the use of the premises because, in its application, Branting indicated that the present use of the premises was "professional," and the proposed use would be "medical/professional." Id. Mr. Demasi argued that this new use would bring the property under the "medical, dental and emergency rooms" category of Art. VII, § 710 of the Ordinance (which contains the minimum number of parking spaces required for each type of use), and not the "offices, public or professional administration or service buildings" category of the same section, which requires fewer parking spaces. Id.
After hearing all the testimony, the Board verbally approved the variance, with Board member Vincent Polisena (Mr. Polisena) stating that he was satisfied that Branting had produced enough evidence to meet the variance standard put forth in the Rhode Island General Laws:
 "It is my opinion that the . . . relief requested is the least relief necessary, it is my opinion that it will not adversely effect surrounding areas, will not effect (sic) property values, and the hardship again, is not created as a result of a self-created action and does not primarily result in financial gain and does not (sic) amount to more than a mere inconvenience. It is my opinion also that the relief requested is the least relief necessary as set forth in Rhode Island General Laws 45-24-41 (c) and (d)." (Tr. 58-59.)
The full Board then voted and orally approved the proposal, granting Branting all relief requested. On May 20, 2006, the Board issued a written decision (Decision), which comported with the oral findings put forth at the hearing. See infra at. 5-6.
Mr. DeMasi filed a timely appeal seeking review of the Board's decision.
 Standard of Review
The Superior Court's review of a zoning board decision is governed by G.L. 1956 § 45-24-69(d), which provides in pertinent part:
 "The Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In conducting its review of a decision of a zoning board of review, this Court must examine "`the entire record to determine whether `substantial' evidence exists to support the board's findings.'" De Stefano v. Zoning Bd. of Review, 122 R.I. 241,245, 405 A.2d 1167, 1170 (1979)). "`Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla, but less than a preponderance.'" Lischio v. ZoningBd. Of Review of the Town of North Kingstown, 818 A.2d 685, 690
n. 5 (R.I. 2003) (quoting Caswell v. George Sherman Sand andGravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)).
The Superior Court "may `not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact.'" Curran v. Church Community Housing Corp.,672 A.2d 453, 454 (R.I. 1996) (quoting G.L. 1956 § 45-24-69(d)). This deference to the zoning decision is due, in part, to the fact "that a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance." Monforte v. Zoning Bd.of Review of East Providence, 93 R.I. 447, 449, 176 A.2d 726,728 (1962).
 Law and Analysis
Mr. DeMasi appeals the Decision of the Zoning Board on three grounds, arguing that 1) the Decision does not establish the proper findings of fact to support the granting of the variance; 2) the Decision lacks any evidentiary support in the record; and 3) the Decision violates Art. IV, § 412 and misapplies Art. VII, § 710 of the Ordinance.
At the outset, Mr. DeMasi argues that the Board's Decision was arbitrary and capricious because it did not state findings sufficient to support the determination that Branting had met the standard for a variance. Under G.L. 1956 § 45-24-41 (c),
 "In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary."
In addition, G.L. 1956 § 45-24-41(d) requires, in relevant part, that
 "[t]he zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of the proceedings showing that: . . . (2) in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience. . . ."
Mr. DeMasi argues that while the Board's Decision states that Branting has met all of the conditions listed in (c) and (d), it gives no explanation of the reasoning behind this conclusion. Indeed, the Board, though noting in the second paragraph of the Decision that it "[took] into consideration all of the testimony at the public hearing and . . . visit[ed] the proposed site", made only the following findings:
 "As to the Special Use Permit and Variances requested:
 1. The Board was of the opinion that to grant the relief requested would not adversely affect the surrounding area property value.
 2. The Board was of the opinion that the relief requested does not result from any self-created action of this applicant, and is more than a mere inconvenience.
 3. The relief requested will not result in any financial gain to the applicant.
 4. The Board was of the opinion that to grant the relief requested would not alter the general characteristics of the surrounding area or impair the intent and purpose of the North Providence Zoning Ordinance and Comprehensive Plan.
 5. The Board was of the opinion that the relief requested is the least relief necessary under RIGL 45-24-41 C and D."
The Board also listed seven stipulations and conditions of the approval of the variance.
The Legislature has mandated that "the zoning board shall include in its review all findings of fact and conditions. . . ." G.L. 1956 § 45-24-61. Additionally, the Rhode Island Supreme Court has long held that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review." Cranston Print Works Co. v. City of Cranston,
684 A.2d 689,691 (R.I. 1996) (quoting Thorpe v. Zoning Bd. ofReview of North Kingstown, 492 A.2d 1236, 1236-37 (R.I. 1985));see Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001) (quotingIrish Partnership v. Rommel, 518 A.2d 356, 358 (R.I. 1986)).
In the present case, the Decision contains no reference to the substantial testimony presented at the hearing, or an explanation of how the evidence in the record supports the conclusions reached. There is no discussion of any of the testimony presented at the hearing, (except in a passing reference), and how it impacted the Board's decision. The Court finds that the Board failed to make the requisite findings of fact to allow for proper judicial review. "When the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." VonBernuth v. Zoning Bd. Of Review of the Town of New Shoreham,770 A.2d 396, 401 (R.I. 2001) (quoting Irish Partnership,518 A.2d at 359)). Thus, the Court will not examine the record if sufficient findings of fact have not been made, even if the record contains evidence which would support the board's decision. Irish Partnership, 518 A.2d at 358.
In order for the Court to properly review a board decision, the decision must contain "the making of findings of fact and the application of legal principles in such manner that a judicial body might review a decision with a reasonable understanding of the manner in which evidentiary conflicts have been resolved and the provisions of the . . . ordinance applied." Thorpe,492 A.2d at 1237. The findings must be factual, not conclusional, and "the application of the legal principles must be something more than a recital of litany.'" Sciacca, 769 A.2d at 585 (quotingIrish Partnership, 518 A.2d at 358).
 Conclusion
Due to the dearth of findings in the Decisions, this Court cannot adequately address Mr. DeMasi's other arguments on appeal and, accordingly, remands this case to the Board so that it may make further findings consistent with this decision.
This Court will retain jurisdiction.