The IRISH PARTNERSHIP

v.

Herbert F. ROMMEL et al.

No. 84–567–M.P.

Supreme Court of Rhode Island.

Dec. 16, 1986.

Neil P. Galvin, Palumbo Galvin & Boyle, Middleton, for plaintiff.

Maryjo Carr, Asst. City. Sol., for City of Newport.

## OPINION

SHEA, Justice.

This case is before the court on a writ of certiorari issued to review a Superior Court judgment that affirmed the action of the Zoning Board of Review of the City of Newport. The Superior Court denied the appeal of the plaintiff for relief from the decision of the Newport Zoning Board of Review, affirming the rejection by the Newport zoning officer of the plaintiff's request for approval of its plan to rebuild a twelve-unit apartment house that had been destroyed by fire in 1974. For the reasons given in this opinion, we vacate the judgment of the Superior Court and remand the case for further proceedings.

The property involved is located at 124 Van Zandt Avenue in the city of New ort. At that location there had once been two apartment buildings, which were referred to as twin buildings. Each building contained twelve apartment units. At that time, these apartments were nonconforming uses that were permitted by a special exception to the zoning ordinance then in effect. In August of 1974 one of the apartment buildings suffered very substantial fire damage. In fact, after the fire only the foundation remained usable. The general partner in the Irish Partnership, Thomas Malloy, who was a witness before the board, testified that he spoke with the owner at that time and urged him not to demolish the foundation when the burned building was being removed. He urged the owner to leave the foundation in the ground, to be available for rebuilding. The request was apparently acceded to, evidenced by the fact that the owner or one of the subsequent owners filled in the foundation and grassed over the site. According to Mr. Malloy, the owner at the time of the fire went into bankruptcy and the mortgage holder on the property acquired title. The Irish Partnership was unsuccessful in its attempts to acquire the property from the new owner, who sold it to a third party. That party intended to rebuild this apartment but eventually conveyed the property to plaintiff in 1978. Malloy also testified that plaintiff's plans to rebuild when it acquired title were deferred until September 1983 because of high interest rates. This plaintiff is the fourth in a succession of owners following the fire.

In response to the request for permission to rebuild, the Newport zoning officer stated that

"because the structure was not reconstructed within the one year period allowed by the ordinance in effect at the time * * * any proposal to rebuild * * * must meet all zoning requirements * * *. In other words * * * all rights to reconstruct the building as it existed prior to the fire, have been lost as a result of inaction."

In 1977 the Zoning Ordinance of Newport was amended. Section 1276.09 of the amended ordinance provides:

"Any use existing at the time this Zoning Code is adopted and which is permitted as a special exception as provided in Chapter 1272 shall not be deemed a nonconforming use."

In addition § 1276.07 provides:

"If any nonconforming building or any building containing a nonconforming use is destroyed by fire or other casualty to an extent of more than eighty percent of its replacement cost at the time of the casualty, such building or use shall not be resumed unless the building and use are made to conform in all respects to this Zoning Code.

"When the destruction is eighty percent or less of its replacement value as above determined, the building may be reconstructed or repaired and the nonconforming use resumed, provided that such reconstruction is started within a period of twelve months from such casualty and is diligently pursued to completion. In the event of failure to start such reconstruction of repair within a period of one year from such casualty and to complete the same within twenty-four months from such casualty, the right under this section to reconstruct or repair such building and the right to resume such nonconforming use shall be lost and terminated."

At the conclusion of the hearing, attorneys for plaintiff and for the city presented arguments to the board. Each presented a somewhat different argument concerning the precise issue before the board. Following this presentation, two votes were taken. The first vote was on the question of whether the building was in existence on July 1, 1979. All members voted that it was not. This vote was followed by some discussion about whether the vote decided the matter before the board. The chairman then "cancelled the motion" and called for a second vote on the proposition of whether to "sustain the appeal." All five board members voted in the negative. Then two members of the board spoke about aspects of the petition that they con-

sidered important, but these statements did not set forth any findings of fact by the board.

This court has stated on many occasions that a municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the action taken. *Zammarelli v. Beattie*, 459 A.2d 951, 953 (R.I.1983); *Tillinghast v. Town of Glocester*, 456 A.2d 781, 783 (R.I. 1983); *Sambo's of Rhode Island, Inc. v. McCanna*, 431 A.2d 1192, 1193 (R.I.1981); *Holmes v. Dowling*, 413 A.2d 95, 98 (R.I. 1980); *May-Day Realty Corp. v. Board of Appeals of Pawtucket*, 107 R.I. 235, 238–39, 267 A.2d 400, 402 (1970); *DiIorio v. Zoning Board of Review of East Providence*, 105 R.I. 357, 363, 252 A.2d 350, 354 (1969). In fact, this court in *Hooper v. Goldstein*, 104 R.I. 32, 241 A.2d 809 (1968) stated that the

"reasons 'are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement. The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.'" *Id.* at 44, 241 A.2d at 815 (quoting 2 Davis, *Administrative Law Treatise*, § 16.05 at 444).

In *Zammarelli* the court reaffirmed its adherence to this often-stated principle, quoting from *May-Day Realty Corp.*, 107 R.I. at 239, 267 A.2d at 403, where we held:

"The issue here, however, is not one of form, but the content of the decision; and what we must decide is whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the

recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible. *Carter Corp. v. Zoning Board of Review,* 103 R.I. 515, 238 A.2d 745 [(1968)]; *Coderre v. Zoning Board of Review,* 102 R.I. 327, 230 A.2d 247 [(1967)]; *Hopf v. Zoning Board of Review,* 102 R.I. 275, 230 A.2d 420 [(1967)]."

We have also held that when the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances. *Hooper,* 104 R.I. at 44, 241 A.2d at 815.

The record of the hearing and particularly the decision of the zoning board of review are lacking sufficient facts that would facilitate our judicial review. The deficiency of the record in this case presents the same problems of review as are found in numerous cases before this court whose records were also judged inadequate.

For these reasons the judgment of the Superior Court is reversed, the papers of the case are remanded to the Superior Court with our decision endorsed thereon and with directions that the matter be returned to the Zoning Board of Review of the City of Newport for further proceedings consistent with this opinion.

FAY, C.J., and KELLEHER, WEISBERGER and MURRAY, JJ., concur.