[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The several plaintiffs appeal a decision of the Newport Zoning Board of Review granting defendant Congregation Jeshuat Israel's (hereinafter "synagogue" or "Touro") application for a regulatory variance for parking, this in connection with its proposed construction of an addition to its Community Center. The cases were consolidated here, all presenting the same issue. The record discloses the Center is known as the Levi Gale House, listed on the National Register of Historic Places, and was built ca. 1834 on the site of the present Newport County Courthouse. Condemned by the state in 1926, it was purchased by defendant and moved some 200 feet up Touro Street to a lot owned by defendant, opposite the synagogue. The synagogue, oldest in North America, is a National Historic site, open to the public, attracting some 30,000 visitors each year.
It is on Historic Hill, a closely built up congested area, with many restored eighteenth century houses on narrow streets. The tourists add greatly to the congestion problem and testimony concerning them added greatly to the length of this record. But the tourists are a fact to be recognized and dealt with as best can be;[1] they are irrelevant to the issue before the Board and the Court. The case was heard at length on May 28, June 24, July 15, September 17, and December 16, 1991, generating hundreds of pages of transcript.
The Court has read the transcripts of hearings, where both expert and lay witnesses were presented by both sides, and has examined the 40 plus exhibits before it.
On February 24, 1992 the board met and gave its oral decision, unanimously granting the application. The chairman opened, saying,:
 "This is the most difficult case I have heard in the over twenty years I have been on the Board. Never have I seen a neighborhood so united and so passionate. Never have I seen such dedicated support for a petition. I'll call on Mrs. Cummins first."
Her decision, covering 4 1/2 pages of transcript, clearly delineates the issue, disposes of the several straw man issues attempted to be raised by remonstrants, and recites accurately, and in head note fashion, the substance of the testimony at the several hearings. A resident of Historic Hill herself, she was fully cognizant of congestion and parking problems. But she thought it important to view the Congregation separately from the 30,000 tourists a year who visit Touro. After summarizing the testimony and considering the neighbors' objections, she found that applicant sought the minimum variance relief necessary and had shown that denial would result in a hardship more than a mere inconvenience. Her statement was echoed by other board members, and their written decision was filed on April 13, 1992. It recites 23 findings of fact and concludes petitioner would suffer more than a mere inconvenience by denial, and that a minimum variance was sought.
The Court has carefully considered memoranda filed by counsel. They argue several interesting points, inter alia, unlawful merger of lots. As to that, the defendant, to increase space for parking, voluntarily merged lots here. Such is not prohibited under the ordinance or otherwise. Other points argued were not issues before the Board. Sitting on appeal here, the Court borrows from State v. Ouimette, 108 R.I. 283 where, at page 285, the Supreme Court said of exceptions argued before it — "each — is so lacking in merit as to require no discussion."
Weighing the evidence is the sole prerogative of the Board, and they exercised it conscientiously. The Court can neither weigh the evidence, nor substitute its judgment for that of the Board. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985). The decision appealed from is detailed and fully meets the requirements for meaningful review set forth in IrishPartnership v. Rommel, 518 A.2d 356 (R.I. 1986). The applicant's burden was to establish that denial of its application would cause it more than a mere inconvenience, Westminster Corp. v.Providence Zoning Board of Review, 103 R.I. 381, and that the relief sought was no greater than necessary to achieve a beneficial use. Standish Johnson Co. v. Pawtucket Zoning Boardof Review, 103 R.I. 487. The evidence relied upon by the Board in granting the petition more than satisfies the "substantial evidence" mandate of Apostolou v. Genovesi, 120 R.I. 501.
The decision appealed from is affirmed, plaintiffs' appeals are denied and dismissed, and the clerk will forthwith enter judgment for defendant for costs in each case.
[1] It is a matter of common knowledge that Trinity and St. Mary's churches, both nearby, also attract many tourists.