DECISION
Before this Court is Philip and Louise Weston's (Westons) appeal of the October 15, 1993 decision of the Town of Charlestown Zoning Board of Review (Board). The Board denied the Westons' application for a dimensional variance from frontage requirements on their property located at 4257 South County Trail, Charlestown, Rhode Island. The Board determined that it was not appropriate for them to grant the relief requested and that a civil suit would be more appropriate. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
On or about December 1, 1988, the Charlestown Building Official issued a Certificate of Occupancy to C N, Inc. for a single family dwelling located at Assessor's Plat 25 Lot 93. The Certificate specifically applied to a dwelling "erected on Plat No. 25, Lot No. 93." At the time of the issuance of the Certificate, Lot 93 (old lot) was a 10.87 acres parcel which met all of the applicable Charlestown zoning requirements, including lot frontage.
On or about December 2, 1988, the day after the issuance of the Certificate, C N, Inc. sold part of Lot 93 with the dwelling to Anthony and Dorothy Blanda. Mr. and Mrs. Blanda are the parents of appellant Louise Weston. This sale created a new lot, namely Lot 93-12 (new lot). The new lot, as transferred, created a lot which met all zoning regulations except for the required frontage on South County Trail.
In a letter dated January 20, 1989, the Charlestown Building official notified C N, Inc. that the creation of the new lot invalidated the Certificate of Occupancy issued on December 1, 1988. Therefore, the new lot with the dwelling was without a Certificate of Occupancy. No appeal was ever taken concerning the Building Official's invalidation of the Certificate of Occupancy. The Westons filed a variance application with the Town of Charlestown Zoning Board of Review on August 20, 1993. This application sought a variance from the frontage requirements of the Town ordinances. A public hearing was held on October 14, 1993 concerning this application. Little testimony was presented as the Board determined that a civil suit would be a more appropriate remedy for the relief sought and denied the Westons' application. On October 15, 1993, the Board issued a decision which reads in pertinent parts: "[t]he members felt it was not appropriate for the Board to grant the relief requested. A civil suit would be more appropriate." (Town of Charlestown October 15, 1993 Decision). The instant appeal followed.
 THE BOARD'S WRITTEN DECISION
The Rhode Island Legislature requires the "[t]he zoning board of review shall include in its decision all findings of fact. . . ." G.L. 1956 § 45-24-61(a). Accordingly, the Supreme Court of Rhode Island cautions that "a municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the action taken." Sciaccia v. Caruso, 769 A.2d 578, 585 (R.I. 2000) (quoting Irish Partnership v. Rommel, 518 A.2d 356, 358 (R.I. 1986)).
The Rhode Island Supreme Court elaborates in Sciaccia, requiring ". . . that zoning-board decisions on variance applications (whether use or dimensional) address evidence in the record before the board that either meets or fails to satisfy each of the legal precautions for granting such relief, as set forth in § 45-24-41 (c) and (d)." Id.
A zoning board, with respect to a dimensional variance, must apply the preconditions of Rhode Island General Law §§ 45-24-41 (c) and (d). These sections provide as follows:
 "(c) In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 (1) That the hardship from which the appellant seeks relief is due to the unique characteristic of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary.
 (d) The zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of proceeding showing that: . . .
 (2) in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience, which means that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that the structure may be more valuable after the relief is granted is not grounds for relief." G.L. §§ 45-24-41
(c) and (d).
In its October 15, 1993 decision, the Board failed to address any of the required pre-condition for the issuance of a dimensional variance. The decision is devoid of any factual basis for denying the relief sought by the Westons. Even if stating that the application is better suited for a civil action was a precondition delineated in the statute, the Board gave no factual evidence for this determination. In short, the record and decision produced by the Board give this Court no basis to conduct an appellate review pursuant to § 45-24-69. Accordingly, this case is remanded to the Board for findings of fact and application of the standards G.L. §§ 45-24-41 (c) and (d) to this application for a dimensional variance.
Counsel shall submit the appropriate order for entry.