DECISION
Before this Court is the appeal of Roland Montigny (Plaintiff), challenging the decision of the Zoning Board of Review of the Town of Lincoln (Zoning Board), granting Raymond N. Depault and FDR Associates (Defendants) a dimensional variance for the construction of additions to an existing structure in order to create a family-style restaurant. Jurisdiction is pursuant to R.I.G.L. 1956 § 45-24-69.
 FACTS AND TRAVEL
On August 3, 2001, Defendant Depault, on behalf of Defendant FDR Associates of which Defendant Depault is a principal member, filed an application with the Lincoln Zoning Board for a dimensional variance for the property located at 48 School Street, Lot 21, Assessor's Plat 33 in a residential zone. Defendants sought to add on to the existing home, creating a kitchen and a new bathroom, and providing handicap access and other improvements for the anticipated family-style restaurant which Defendants intended to open.
The Zoning Board conducted a hearing on Defendants' application on September 4, 2001. After accepting comments from the public and over Plaintiff's voiced objections through counsel, the Zoning Board voted unanimously to grant Defendants' dimensional variance application.
On September 14, 2001, the Zoning Board issued its "Memorandum of Decision for Recording in Land Evidenced Records Pursuant to R.I.G.L.45-24-61(B)" (Memorandum of Decision). The Memorandum of Decision consists of a one-page summary indicating that the Zoning Board voted to grant Defendants' dimensional variance. The instant appeal timely followed.
 STANDARD OF REVIEW
Section 45-24-69(a) of the Rhode Island General Laws permits an aggrieved party to file an appeal with the Superior Court challenging a zoning board's decision. See R.I.G.L. § 45-24-69(a). Additionally, pursuant to R.I.G.L. § 45-24-61, when rendering a decision, a zoning board must "include in its decision all findings of fact . . . ." See
R.I.G.L. § 45-24-61. In effectuating this mandate, the Rhode Island Supreme Court has held that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review." vonBernuth v. Zoning Bd. of Review, 770 A.2d 396, 401 (R.I. 2001) (quotingCranston Print Works Co. v. City of Cranston, 684 A.2d 689, 691 (R.I. 1996)); see Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001). Further, when a zoning board fails to make appropriate findings, the Superior Court "will not search the record for supporting evidence or decide for itself what is proper in the circumstances, but will remand for further proceedings." von Bernuth, 770 A.2d at 401 (quoting Irish Partnership v.Rommel, 518 A.2d 356, 359 (R.I. 1986)).
 DECISION OF ZONING BOARD
The Memorandum of Decision references the minutes of the September 4, 2001 hearing as the source for the full text of the Zoning Board's decision. However, the September 4, 2001 minutes only outline questions posed by citizens during the hearing and summarize Defendant Depault's responses to citizens and to the Board. See Town of Lincoln Zoning Boardof Review Minutes from September 4, 2001 Meeting at 2-3. The minutes fail to discuss any findings by the Zoning Board with respect to its decision to grant Defendants' dimensional variance. Id. Instead, the minutes merely indicate that after some questioning of Defendant Depault, a Board member "made a motion to grant the application as presented," and thereafter, the "[m]otion carried by all members 5-0." Id. at 3. As such, upon examination of the September 4, 2001 minutes, this Court finds that the Zoning Board failed to make the requisite findings of fact and conclusions of law as dictated by von Bernuth and Sciacca, and in violation of R.I.G.L. § 45-24-61.
Accordingly, this Court remands the case to the Zoning Board for further findings.
 CONCLUSION
Because the Zoning Board failed to make findings in its decision to grant Defendants' dimensional variance pursuant to the requirements set forth by von Bernuth, Sciacca, and R.I.G.L. § 45-24-61, this Court remands the case to the Zoning Board to make such findings. This Court will retain jurisdiction.
Counsel shall prepare appropriate order for entry.