DECISION
This matter comes before the Court on the plaintiffs' appeal of a decision of the Cumberland Zoning Board, sitting as the Board of Appeals, denying their appeal. The certified record before the Court, however, lacks a final written decision by the Cumberland Zoning Board regarding this matter. The Court thus remands the case to the Cumberland Zoning Board of Appeals for it to issue a written decision stating its findings of facts and conclusions of law. This Court has jurisdiction over this matter pursuant to G.L. (1956) § 45-23-71.
 Facts and Travel
The defendant landowner, Womantam, LLC (Womantam), owns a parcel of land in Cumberland, Rhode Island. Womantam applied to the Town of Cumberland Planning Board (Planning Board) to subdivide the property into four lots. Womantam also desired the Planning Board's approval of a residential development cluster (RDC) for the subdivision. The RDC allows the municipality to grant the development of property that would ordinarily not satisfy minimum lot sizes, set backs, and density requirements in exchange for the developer's grant of a portion of the site for recreation, open space, and environmental, historical or cultural preservation. G.L. (1956) § 45-25-31(13).
On October 25, 2000, and November 29, 2000, hearings were held for the proposed development before the Planning Board. Public hearings on the preliminary stage approval were held on February 28, 2001, April 25, 2001 and May 30, 2001. Plaintiffs Thomas A. Veronneau and Alfred E. McCooey were present at the meeting and testified before the Planning Board as to their concerns. The Planning Board granted preliminary approval to the subdivision at the May 30 meeting. The plaintiffs — Thomas A. Veronneau, Sharon B. Veronneau, Alfred E. McCooey, and Maria M. McCooey — appealed the decision to the Cumberland Zoning Board of Review (Zoning Board). On September 12, 2001, the Zoning Board granted the appeal and remanded the matter to the Planning Board for clarification of their preliminary approval. Specifically, the Zoning Board sought clarification as to whether, pursuant to the Code of Ordinances for the Town of Cumberland, Appendix B-Zoning, § 6-3(f)(3)(i), the defendant landowner submitted a plan to the Planning Board that met the requirements of the Code of Ordinances without the benefit of the cluster technique.
The Planning Board clarified their vote on October 31, 2001, and granted preliminary approval to the subdivision. The plaintiffs again appealed to the Zoning Board. On February 5, 2002, the Zoning Board denied the appeal. The plaintiffs appealed that denial to this Court.
 Jurisdiction and Review
The plaintiffs filed a timely appeal to the Court pursuant to G.L. (1956) § 45-23-71(a). Regarding the scope of review, § 45-23-71(c) sets out that:
 The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Thus, the Court's review is not de novo, but rather limited to the strictures of the General Laws. Munroe v. Town of East Greenwich,733 A.2d 703, 705 (R.I. 1999). "The Superior Court does not consider the credibility of witnesses, weigh the evidence, or make its own findings of fact." Id. "Rather `its review is confined to a search of the record to ascertain whether the board's decision rests upon `competent evidence' or is affected by an error of law.'" Id. (quoting Kirby v. Planning Board ofReview of Middletown, 634 A.2d 285, 290 (R.I. 1993)).
 The Adequacy of the Record
The plaintiffs argue that neither the Planning Board nor the Zoning Board issued written decisions laying out findings of fact and conclusions of law. The defendants aver that the Planning Board considered the matter in full, applied the appropriate criteria, and made the necessary findings of fact.
Regarding decisions and records of the Zoning Board, the Code of Ordinances for the Town of Cumberland, Appendix B-Zoning, requires:
 "[f]ollowing a public hearing, the board shall render a decision within 20 days. The board shall include in its decision all findings of fact and conditions, showing the vote of each member participating thereon . . . . Decisions shall be recorded and filed in the office of the building official within ten working days from the date when the decision was rendered, and shall be a public record. The board shall keep written minutes of its proceedings, showing the vote of each member upon each question . . . and shall keep records of its examinations, findings of fact, and other official actions, all of which shall be recorded and filed in the office of the building official . . . ."
 Any decision of the board . . . shall be mailed to the applicant . . . ."
Id. § 9-7(i).
General Laws (1956) § 45-23-63(a) states that "[a]ll records of the planning board proceedings and decisions shall be written and kept permanently available for public review." Section 45-23-70(d) states that the "board of appeal shall keep complete records of all proceedings including a record of all votes taken, and shall put all decisions on appeals in writing. The board of appeal shall include in the written record the reasons for each decision." Section 45-23-71(a) states that the board of appeal's decision must be recorded and posted with the town clerk.
Here, the certified record before the Court does not contain written decisions from either the Planning Board or the Zoning Board. The Court has only the relevant transcripts of the hearings and the minutes of the meetings. The Rhode Island Supreme Court has addressed the issue of inadequate certified records in zoning cases several times. One of the main reasons that the board must set out its findings of fact and conclusions of law is to facilitate judicial review. Von Bernuth v.Zoning Board of Review, 770 A.2d 396, 401 (R.I. 2001). "[A] municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the action taken." IrishPartnership v. Rommel, 518 A.2d 356, 358 (R.I. 1986). "Findings made by a zoning board `must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany.'" Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001) (quoting Irish Partnership, 518 A.2d at 358-59).
In the previous cases, the Supreme Court decried the inadequate written decisions included within the certified record. Here, the Court has no written decision at all to review from the Zoning Board. The Supreme Court has held "that when the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Irish Partnership, 518 A.2d at 359.
The Code of Ordinances for the Town of Cumberland clearly mandates both the Planning and Zoning Boards to issue written decisions setting out findings of fact and conclusions of law. Since this Court will not search the transcripts of each hearing to piece together the factual findings and legal conclusions of the Boards, the record is remanded to the Zoning Board for a written decision meeting the specifications of the Code of Ordinances.
Finally, the inclusion of a board's written decision in the certified record also serves to help solve jurisdictional questions faced by this Court. Pursuant to § 45-23-71(a), this Court has jurisdiction only over those cases filed within twenty (20) days after the decision has been recorded and posted in the town. Here, the hearing was on February 5, 2002 and the complaint was filed over twenty days later on March 5, 2002. This Court, however, does not know if a decision was recorded, and if so, on what date it was recorded. Therefore, based on the certified record, the Court cannot even be certain that the appeal was timely, and thus whether jurisdiction is proper.
 Conclusion
After reviewing the record before it, the Court remands this matter to the Zoning Board for the issuance of a written decision. This Court will retain jurisdiction. Counsel shall submit the appropriate order for entry.