DECISION
This matter comes before the Court on the appeal of Thomas Veronneau, Sharon Veronneau, Alfred McCooey, and Maria McCooey (Plaintiffs) of a decision of the Cumberland Zoning Board, sitting as the Board of Appeals (Board of Appeals), denying their appeal. Even though this Court has once before remanded this case, it finds no other recourse but to remand this matter to the Board of Appeals once again. The certified record before the Court lacks the required written findings made in a decision by the Cumberland Planning Board (Planning Board). The Court thus remands this matter to the Board of Appeals, for it to remand the matter to the Planning Board for a decision which the Board of Appeals may then review before issuing its written decision. This Court has jurisdiction over this matter pursuant to G.L. (1956) § 45-23-71.
 Facts and Travel
The defendant landowner, Womantam, LLC (Womantam), owns a parcel of land in Cumberland, Rhode Island. Womantam applied to the Town of Cumberland Planning Board (Planning Board) to subdivide the property into four lots. Womantam also desired the Planning Board's approval of a residential development cluster (RDC) for the subdivision. The RDC allows the municipality to grant the development of property that would ordinarily not satisfy minimum lot sizes, set backs, and density requirements in exchange for the developer's grant of a portion of the site for recreation, open space, and environmental, historical or cultural preservation. G.L. (1956) § 45-25-31 (13).
On October 25, 2000, and November 29. 2000, hearings were held for the proposed development before the Planning Board. Public hearings on the preliminary stage approval were held on February 28, 2001, April 25, 2001 and May 30, 2001. Plaintiffs Thomas A. Veronneau and Alfred B. McCooey were present at the meeting and testified before the Planning Board as to their concerns. The Planning Board granted preliminary approval to the subdivision at the May 30 meeting. The Plaintiffs — Thomas A. Veronneau, Sharon B. Veronneau, Alfred E. McCooey, and Maria M. McCooey — appealed the decision to the Cumberland Zoning Board of Review (Zoning Board). On September 12, 2001, the Zoning Board granted the appeal and remanded the matter to the Planning Board for clarification of their preliminary approval. Specifically, the Zoning Board sought clarification as to whether, pursuant to the Code of Ordinances for the Town of Cumberland, Appendix B-Zoning, § 6-3(f)(3)(i), the defendant landowner submitted a plan to the Planning Board that met the requirements of the Code of Ordinances without the benefit of the cluster technique.
The Planning Board clarified their vote on October 31, 2001, and granted preliminary approval to the subdivision. The Plaintiffs again appealed to the Zoning Board. On February 5, 2002, the Zoning Board denied the appeal. The Plaintiffs appealed that denial to this Court.
 Jurisdiction and Review
The Plaintiffs filed a timely appeal to the Court pursuant to G.L. (1956) § 45-23-71 (a). Regarding the scope of review, § 45-23-71
(c) sets out that:
 The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Thus, the Court's review is not de novo but rather limited to the strictures of the General Laws. Munroe v. Town of East Greenwich,733 A.2d 703, 705 (RI. 1999). "The Superior Court does not consider the credibility of witnesses, weigh the evidence, or make its own findings of fact." Id. "Rather `its review is confined to a search of the record to ascertain whether the board's decision rests upon `competent evidence' or is affected by an error of law.'" Id. (quoting Kirby v. Planning Board ofReview of Middletown, 634 A.2d 285, 290 (RI. 1993)).
 The Adequacy of the Record
The General Laws require all minor land development projects that involve the extension or creation of a street to submit to two types of review — preliminary approval and final approval — plus, the applicant must have a pre-application meeting and the town must hold a public hearing. G.L. (1956) § 45-23-38 (a). Regarding all land development projects, G.L. § 45-23-60 (a) requires that the approving authority make positive findings and include said findings in the proposed project's record prior to approval to the effect that:
 (1) The proposed development is consistent with the comprehensive community plan and/or has satisfactorily addressed the issues where there may be inconsistencies;
 (2) The proposed development is in compliance with the standards and provisions of the municipality's zoning ordinance;
 (3) There will be no significant negative environmental impacts from the proposed development as shown on the final plan, with all required conditions for approval;
 (4) The subdivision, as proposed, will not result in the creation of individual lots with any physical constraints to development that building on those lots according to pertinent regulations and building standards would be impracticable. . . . Lots with physical constraints to development may be created only if identified as permanent open space or permanently reserved for a public purpose on the approved, recorded plans; and
 (5) All proposed land developments and subdivision lots have adequate and permanent physical access to a public street. Lot frontage on a public street without physical access shall not be considered in compliance with this requirement.
G.L. § 45-23-60 (a)(1)-(5); see also Cumberland Code, Appendix A — Subdivision Regulations § I, 1.19. Furthermore, pursuant to § 45-23-63 (a), all records of the planning board proceedings and decisions shall be written. . . ."
The approving authority in the present case was the Planning Board. The present case was appealed to this Court from the Board of Appeals. In fact, this Court's initial remand to the Board of Appeals for a written decision was premised on the fact that it required findings of fact and conclusions of law incorporated in a written decision that reviewed a written decision of the Planning Board. See G.L.1956 § 45-23-70 (a) and Cumberland Code, Appendix A — Subdivision Regulations § I, 10.4 ("[t]he board of review . . . must consider the issue upon the findings and record of the planning board"). This Court has received the Zoning Board's written decision, however, and finds its written decision does not review the findings of the Planning Board pursuant to §45-23-60.
As set out above, the General Laws place upon an approving authority the responsibility to make affirmative findings and to follow certain guideline procedures, such as issuing and properly posting written decisions. General Laws § 45-23-67 (a) states:
 "An appeal to the board of appeal from a decision or action of the planning board or administrative officer may be taken by an aggrieved party to the extent provided in § 45-23-66. The appeal must be taken within twenty (20) days after the decision has been filed and posted in the office of the city or town clerk."
The record before this Court establishes that not only did the Planning Board fail to issue a written decision with findings, it also failed to post a decision as mandated by § 45-23-67 (a). In fact, a letter from the Plaintiffs to the Zoning Board indicates that they were informed that it was not the practice in Cumberland to file Planning Board decisions with the town clerk. of course, it is impossible to file decisions that are never written and issued. This, however, does not relieve the Planning Board from adhering to the strictures of the General Laws.
The purpose of § 45-23-67 is two-fold. First, by filing and posting Planning Board decisions with the town clerk, the Planning Board is thereby giving notice to the public of its decisions in a location where a reasonable person would expect to find such decisions. Second, as plainly indicated by the language of § 45-23-67 (a), the posting of the decision with the town clerk commences the twenty-day period for timely filing an appeal of the Planning Board's decision. Since this Court's jurisdiction is proper only if an appeal is timely filed, the Planning Board has the responsibility to the public to ensure that the twenty-day appeal period commences on a specific, ascertainable date, such as the date the written Planning Board decision is posted with the town clerk. Thus, for very good reasons, the General Laws mandate that the Planning Board and Town of Cumberland properly follow the posting requirement set out in § 45-23-67.
The Court will also restate part of its initial remand to the Zoning Board. Section 45-23-63 (a) of the Rhode Island General Laws mandates that "[a]ll records of the planning board proceedings and decisions shall be written and kept permanently available for public review." Here, as noted above, the certified record before the Court does not contain a written decision from the Planning Board. The Court has only the relevant transcripts of the hearings and the minutes of the meetings. The Rhode Island Supreme Court has addressed the issue of inadequate certified records in zoning cases several times. One of the main reasons that the planning board must set out its findings of fact is to facilitate judicial review. Von Bernuth v. Zoning Board of Review, 770 A.2d 396, 401 (RI. 2001). "[A] municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the action taken." Irish Partnership v. Rommel, 518 A.2d 356, 358 (RI. 1986).
In the previous cases, the Supreme Court decried the inadequate written decisions included within the certified record. Here, the Court has no written decision at all to review from the Planning Board. The Supreme Court has held "that when the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Irish Partnership, 518 A.2d at 359.
The Code of Ordinances for the Town of Cumberland clearly mandates that the Planning Board issue written decisions setting out findings of fact. As this Court will not search the transcripts of each hearing to piece together the required factual findings, the record is remanded to the Board of Appeals for a written decision meeting the specifications of the Code of Ordinances and the General Laws.
 Conclusion
Upon review of the record before it, the Court remands this matter to the Board of Appeals for the issuance of a written decision that reviews the written decision of the Planning Board, after remand to the Planning Board. The Court realizes the unfortunate position of the applicants who were successful below in their request to construct a subdivision and have been subjected to this protracted appeal through no fault of their own. However, this Court cannot reach the merits of this appeal until it ensures that the municipal boards follow the required procedures as set out in the Code of Ordinances and the General Laws. This Court will retain jurisdiction. Counsel shall submit the appropriate order for entry.