DECISION
This matter comes before the Court on an appeal from a decision of the Zoning Board of Review of the Town of West Warwick (the "Board") brought by Paul Cunha, Elena Cunha, Michael Cunha, and Karolye White (collectively "Appellants"). By its decision, the Board denied Appellants' application for a special use permit to construct a four-unit, multi-family dwelling. Jurisdiction of this Court is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
Appellants are the owners of a piece of real estate located at 39 Arthur Street in West Warwick, Rhode Island, also designated as Assessor's Plat 8, Lots 114 and 115 (the "Property"). The Property, which is situated in the R-7.5 zoning district, contains a vacant and boarded-up two-family home. Appellants seek a special use permit to construct a four-unit, multi-family dwelling on the Property. A multi-family dwelling is permitted by way of a special use permit in the R-7.5 district, pursuant to § 5.3(A)(3) of the Zoning Ordinance of the Town of West Warwick (the "Ordinance").
On April 18, 2006, Appellants submitted an application to the Board seeking the issuance of a special use permit to construct a multi-family dwelling. Thereafter, Appellants met with the West Warwick Planning Board to obtain its recommendation. On June 8, 2006, the Planning Board issued an advisory recommendation to the Board, in which it recommended approval of Appellants' application with the stipulation that the Board consider whether parking would be more appropriately sited in the rear of the building.[1] On June 28, 2006, after appropriate notice was provided, the Board held a public hearing on Appellants' application. At the hearing, Appellants presented four expert witnesses.
The first witness to testify was Joseph Lombardo, a certified planner and expert in land use and planning. Mr. Lombardo testified that the proposed site plan was consistent with the West Warwick Comprehensive Plan, as well as the dimensional requirements of the Ordinance. Appellants then offered the testimony of Wilbert L. Luetschwager, who was accepted by the Board as a real estate expert. Mr. Luetschwager testified that the proposed multi-family unit would be consistent with the neighboring area and that it would have a positive impact on the property values in the area. The next witness to offer testimony was Mohamed Freij, an expert in civil engineering. Mr. Freij explained the proposed site plan to the Board as well as issues relating to parking and drainage. During Mr. Freij's testimony, a Board member pointed out that the sidewalk between the building and the parking lot was only three feet wide, which was in violation of the five foot width required by the Ordinance.[2] Mr. Freij then testified that the proposed dwelling could be moved back two feet, in order to expand the width of the sidewalk, and moving the building would not affect its compliance with any of the other requirements of the Ordinance. The final expert witness offered was James Salem who testified on issues relating to traffic. Mr. Salem spoke to a traffic study that he had prepared and also discussed issues relating to parking. Throughout all of the testimony, the witnesses fielded questions from the Board, which related to, among other things, parking, setbacks, drainage, and the neighborhood. Afterward, four neighboring property owners appeared to voice their objections to Appellants' application.
At the conclusion of the hearing, the Board moved to vote on Appellants' application. Finding that Appellants had not met the required standards as set forth in the General Laws and the Ordinance, the Board unanimously voted to deny Appellants' application for a special use permit. On July 5, 2006, the Board issued a written decision denying Appellants' petition. Appellants timely appealed the Board's decision. Proper notice of the appeal was provided pursuant to §45-24-69.1.
 Standard of Review
The Superior Court's review of the decision of a zoning board is pursuant to § 45-24-69(d). Section 45-24-69(d) states:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
It is axiomatic that "the Superior Court reviews the decisions of a plan commission or board of review under the `traditional judicial review' standard applicable to administrative agency actions."Restivo v. Lynch, 707 A.2d 663, 665 (R.I. 1998). When reviewing a zoning board decision, the Superior Court "lacks [the] authority to weigh the evidence, to pass upon the credibility of witnesses, or to substitute [its] findings of fact for those made at the administrative level."Id. at 665-66 (quoting Lett v. Caromile, 510 A.2d 958, 960 (R.I. 1986)). The trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings."DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979).
It is well settled that "a municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the actions taken." Sciacca v. Caruso, 769 A.2d 578, 585
(R.I. 2001) (quoting Irish Partnership v. Rommel, 518 A.2d 356, 358
(R.I. 1986)). Such "basic requirements `have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.'" Cullen v. Town Council of Town ofLincoln, 850 A.2d 900, 904 (R.I. 2004) (quoting Hooper v.Goldstein, 104 R.I. 32, 44, 241 A.2d 809, 815 (1968)). The absence of such findings and conclusions preclude judicial review of a zoning board's decision. Id.; see also Cranston Print Works Co. v. City ofCranston, 684 A.2d 689, 691 (R.I. 1996).
Appellants contend that the Board's decision was clearly erroneous in light of the reliable, probative and substantial evidence on the record. Appellants further maintain that based upon the relevant provisions of the Ordinance, their application should have been granted as a matter of law. In opposition, the Board claims that its decision should be affirmed because Appellants' application was in violation of the requirements of the Ordinance.
 The Board's Decision
After careful review of the Board's written decision, this Court finds such decision to be in violation of statutory provisions as well as provisions of the Ordinance. Pursuant to the requirements of our General Laws and the Ordinance, "[t]he zoning board of review shall include in its decision all findings of fact and conditions, showing the vote of each participating member, and the absence of a member or his or her failure to vote." Section 45-24-61; see also West Warwick Zoning Ordinances § 29.1. In reviewing a decision of the Board, this Court "must decide whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles." von Bernuth v. Zoning Bd. of Review,770 A.2d 396, 401 (R.I. 2001) (quoting Irish Partnership v. Rommel,518 A.2d at 358-359). Further, "[t]hose findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany." Id. "These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible." Id.
In the instant matter, the Board's decision was for the most part conclusory and limited to only boilerplate language. In its decisions, the Board made the following findings of fact:
 "Most homes in the neighborhood are single family dwellings, first floor square footage as submitted does not meet zoning code requirements, parking as submitted does not meet zoning code requirements and the project will decrease the value of neighboring homes.
 The proposed use is not compatible with neighboring land use.
 Will create a nuisance in the neighborhood.
 Will not hinder future development in the neighborhood.
 Does not conform to all applicable sections of this ordinance; and
 Is not in conformance with the purposes and intent of the West Warwick comprehensive plan and applicable standards of this ordinance."
Fundamentally, the Board's decision is a mere recital of the legal standard for special use permits as it appears in § 10.2.1 of the Ordinance.[3] It is well-established under Rhode Island law that the recital of such a litany does not amount to sufficient findings of fact.Id. As such, this Court finds that the Board's decision did not contain adequate findings of fact or conclusions of law therein. Although the town solicitor's brief, submitted on behalf of the Board, attempted to give some shape to the Board's conclusions, it is not counsel's job to supplement the Board's decision. Rather, findings of fact are intended to resolve disputed issues of fact and to memorialize the Board's decision as to the weight of evidence presented. This was not accomplished in the instant matter. Judicial review of the Board's decision is thus impossible. See von Bernuth v. Zoning Bd. ofReview, 770 A.2d at 401; see also Irish Partnership v. Rommel,518 A.2d at 358-359.
Although judicial review of the Board's decision is unfeasible, this Court would like to make some observations as to the sparse findings of fact made by the Board with respect to the proposed floor square footage and parking. At the public hearing, Appellants introduced a substantial amount of expert testimony, which demonstrated that the proposed multi-family dwelling was in compliance with the Ordinance's requirements. Specifically, Appellants' experts testified that the proposed dwelling met the Ordinance's minimum requirements for floor area and parking area. Further, the only testimony which was adverse to Appellants' application was that offered by the neighboring property owners. It is well-settled in our jurisdiction that the lay judgments of neighboring property owners do not have probative force with respect to issues that are only appropriately testified to by experts. See SalveRegina College v. Zoning Bd. of Review, 594 A.2d at 882; see also Tooheyv. Kilday, 415 A.2d 732 (1980). In light of the lack of adverse expert testimony, this Court would suggest that the limited findings made by the Board were not based upon sufficient evidence. See Salve ReginaCollege at 882.
Further, this Court is of the opinion that the Board may have misread some of the Ordinance's provisions, specifically those relating to floor square footage and parking area. Most notably, at the hearing the Board expressed concern that the proposed square footage of the first floor did not meet the Ordinance's requirements for minimum residential floor area. Specifically, the Board found the proposed plan violated § 5.5.2, which requires "One thousand square feet on two floors in a detachedsingle-family two-or more story structure with a minimum of 600 square feet on the first floor." See West Warwick Zoning Ordinances § 5.5.2 (emphasis added). This section does not address the type of structure contemplated in the instant matter and thus, the Board's utilization of this standard was in error. Rather, the appropriate standard for the proposed dwelling is set forth in § 5.5.3, which requires a minimum of "Seven hundred twenty square feet per family in a two-or multifamilystructure." See West Warwick Zoning Ordinances § 5.5.3 (emphasis added). The proposed units exceed this minimum requirement as they contain a total of 1120 square feet. Further, in reviewing the Ordinance, this Court questions the Board's conclusion that the proposed parking is not in compliance with the requirements of the Ordinance. Appellants' experts contradict this finding and contend that an amendment to the site plan, moving the structure back two feet, would result in the application's complete compliance with the Ordinance. However, because the Board did not more fully explain in its decision the specific standards which it applied in reaching a conclusion regarding parking area, this Court is hesitant to comment.
Moreover, this Court is troubled by the Board's finding that the proposed use of the Property is not compatible with neighboring land use. The proposed use, which is use as a multi-family dwelling, is specifically authorized by way of a special use permit in the Property's district. See West Warwick Zoning Ordinances § 5.3(A)(3). The purpose of a special use permit, in the context of zoning, is to establish a conditionally permitted use. See Nani v. Zoning Board of Review,104 R.I. 150, 242 A.2d 403 (1968). Thus, "[b]y definition, such a use is one which the local legislature has conditionally permitted and has thereby, at least implicitly, found to be harmonious with those uses which are permitted in the district. Id.
 Conclusion
Upon review of the entire record, this Court finds that the decision issued by the Board was in violation of statutory and constitutional provisions, and made upon unlawful procedure. Substantial rights of the appellants have been prejudiced. For the reasons stated above, this Court reserves judgment and remands this matter to the Board to make the requisite findings and conclusions or for further proceedings in accordance with the law. Counsel shall submit an appropriate order for entry in accordance with this opinion.
[1] Testimony before the Board indicated that it was not possible to reconfigure the parking as doing so would adversely affect the Property's drainage. Appellants however agreed to move the proposed building back five feet so that a landscaped buffer could be added to shield the parking lot from the street.
[2] See West Warwick Zoning Ordinances § 5.9.6. "No parking space or aisle shall be closer than five feet to any building or as required by the West Warwick Fire Department."
[3] See West Warwick Zoning Ordinances § 10.2.1 "The special use permit shall: (1) Be compatible with neighboring land uses; (2) Not create a nuisance in the neighborhood; (3) Not hinder the future development of the town; (4) Conform to all applicable sections of this ordinance; and (5) Be in conformance with the purposes and intent of the West Warwick comprehensive plan and applicable standards of this ordinance."