DECISION
This matter comes before this Court on the appeal by James W. Fox and Nancy J. Fox ("Appellants") of a decision by the Zoning Board of Review of the Town of South Kingstown (the "board") granting the Kenneth E. Munroe Irrevocable Trust a dimensional variance and special use permit for property located in Kingston, RI. The board issued its written decision on April 3, 2006.
A recitation of the facts of the case is unnecessary at this time. Suffice it to say that this Court has reviewed the board's decision and found it to be wholly devoid of factual findings and conclusions of law. The decision merely repeats the statutory requirements for granting a variance found in G.L. 1956 § 45-24-41(c) and contains only conclusory statements that the granting of a special use permit fulfills all the requirements of § 907.A(2) of the South Kingstown Zoning Ordinance. *Page 2 
It is well settled that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such actions may be susceptible of judicial review."Cranston Print Works Co. v. City of Cranston, 684 A.2d 689, 691 (R.I. 1996) (quoting Thorpe v. Zoning Board of Review of North Kingstown,492 A.2d 1236-37 (R.I. 1985)). In reviewing a decision of the board, this Court "must decide whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles." Bernuth v. Zoning Board of Review of the Townof New Shoreham, 770 A.2d 396, 401 (R.I. 2001) (quoting IrishPartnership v. Rommell, 518 A.2d. 356, 358-59 (R.I. 1986)). Further, such findings "must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany." Id. "These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible."Id.
In the instant case, the board's decision amounts to no more than a recital of the legal requirements for granting a dimensional variance and a special use permit. The board's findings regarding the dimensional variance are as follows:
 [t]he hardship from which the applicant seeks relief is a result of the unique characteristics of the subject land. The variance requested is the least relief necessary, and the applicant will suffer a hardship more than a mere inconvenience.
As to the special use permit, the board found that:
 [t]he special use permit is specifically authorized by Section 504 of the Zoning Ordinance. It meets all the criteria set forth in the Ordinance. The granting of the special use permit will not alter the general characteristics of the surrounding area or impair the intent or purpose of the Ordinance or the Comprehensive Plan of the Town. *Page 3 
The recital of such a litany does not amount to sufficient findings of fact. Therefore, this Court finds that the board's decision did not incorporate adequate findings of fact or conclusions of law therein and is in violation of statutory law. See G.L. 1956 § 45-24-69(d)(1). As such, this Court "will not search the record for supporting evidence or decide for itself what is proper under the circumstances."Bernuth, 770 A.2d at 401 (quoting Irish Partnership v. Rommell, 518 A.2d. 356, 358-59 (R.I. 1986)).
 CONCLUSION
Accordingly, the Court remands this matter to the board to make the requisite findings of fact and conclusions of law or for further proceedings in accordance with the law.
Counsel shall submit an appropriate order consistent with this Decision.